```
 1  UNITED STATES DISTRICT COURT

 2  DISTRICT OF CONNECTICUT

 3

    UNITED STATES OF AMERICA,    )
 4              Plaintiff,       )    NO: 3:19CR48(KAD)
                                 )
 5  vs.                          )
                                 )    March 13, 2019
 6  DANIEL JIMENEZ DE LA CRUZ,   )
                Defendant.       )    Arraignment
 7  _____

 8
                              141 Church Street
 9                         New Haven, Connecticut

10  B E F O R E:
             THE HONORABLE SARAH A. L. MERRIAM, U.S.M.J.
11
    A P P E A R A N C E S:
12
    For the Plaintiff :          NATHANIEL GENTILE, AUSA
13                               United States Attorney's Office
                                 157 Church Street, 25th Floor
14                               New Haven, CT 06510

15  For the Defendant:           TRACY HAYES, ESQUIRE
                                 Federal Public Defender's Office
16                               265 Church Street, Suite 702
                                 New Haven, CT 06510
17

18

19

20

21

22

23
    Transcriber:                 Martha C. Marshall, RMR, CRR
24

25  Proceedings recorded by electronic sound recording,
    transcript produced by transcription service.
```

1    THE COURT:  Good morning, everybody.  Please be
2 seated.
3    MR. GENTILE:  Good morning, Your Honor.
4    MR. HAYES:  Good morning.
5    THE COURT:  We're here in the matter of United
6 States versus Daniel Jimenez De La Cruz.  Case number now
7 assigned is 3:19CR48, assigned for trial to Judge Dooley.
8    I'll take appearances of counsel, please, for the
9 record, beginning with the Government.
10    MR. GENTILE:  Good morning, Your Honor.  Nathaniel
11 Gentile for the United States.
12    THE COURT:  Good morning.
13    And for the Defendant.
14    MR. HAYES:  Good morning, Your Honor, Tracy Hayes on
15 behalf of Mr. Daniel Jimenez.
16    THE COURT:  Good morning, Mr. Hayes.
17    Good morning, Mr. Jimenez.
18    THE DEFENDANT:  Good morning.
19    THE COURT:  As you are now aware, Mr. Jimenez, an
20 indictment has been returned charging you with violations of
21 federal law.  We're here today to take your not guilty plea
22 to the charges in the indictment.  Actually, I think
23 it's --no, it is multiple charges.  All right.
24    I know this is not your first appearance, but we're
25 going to review some of the things that you've gone over

1  before.  So I'm going to start by reviewing your rights.
2          You have the right to remain silent.  That means
3  you're not required to say anything to anyone that might
4  incriminate you.  If you've already made a statement, you
5  don't need to continue.  If you start speaking, you can stop
6  at any time.  And if you choose to make a statement, you have
7  the right to have your attorney with you.  Do you understand
8  those rights?
9          THE DEFENDANT:  Yes.
10         THE COURT:  The reason those rights are so important
11 is that anything you say could be used against you in this
12 case, in this state, or in other ways.  Do you understand
13 that?
14         THE DEFENDANT:  Yes.
15         THE COURT:  You have to answer out loud.
16         THE DEFENDANT:  Yes.
17         THE COURT:  And you have a right to an attorney at
18 every stage of the process.  And Attorney Hayes has been
19 appointed to represent you.  Are you satisfied to have him
20 represent you?
21         THE DEFENDANT:  Yes.
22         THE COURT:  All right.  I'm going to ask you two to
23 be seated for a moment.
24         Mr. Gentile, it doesn't look to me like the
25 indictment was filed under seal, is that right?

```
1                MR. GENTILE:  Correct, Your Honor.
2                THE COURT:  All right.  Can you review for us,
3    please, the charges in the indictment and the maximum
4    potential penalties that could be imposed if Mr. Jimenez were
5    to be convicted on those charges.
6                MR. GENTILE:  Yes, Your Honor.
7                The defendant's been charged in a three count
8    indictment.  The first count charges a violation of Title 21
9    United States Code Sections 841(a)(1) and 841(b)(1)(B), which
10   is possession with intent to distribute 40 grams or more of
11   fentanyl.  The term of imprisonment, if the defendant were
12   convicted of that count, would be a minimum of five years and
13   a maximum of 40 years.  It comes with a five million dollar
14   maximum fine and a supervised release term of four years to
15   life, and a mandatory one hundred dollar special assessment.
16               Count Two charges the defendant with a violation of
17   Title 18 United States Code Section 924(c), possession of a
18   firearm in furtherance of a narcotics trafficking offense.
19   Term of imprisonment, if the defendant were convicted of that
20   charge, would be a minimum of five years and a maximum of
21   life, to run consecutive to any other drug trafficking
22   conviction that the defendant would sustain.  A maximum fine
23   of $250,000.  A supervised release term of up to five years.
24   And a mandatory one hundred dollar special assessment.
25               The third count charges the defendant with a
```

1  violation of Title 18 United States Code Sections
2  922(g)(5)(A) and 924(a)(2), which is an alien illegally or
3  unlawfully in the United States in possession of a firearm.
4  A conviction for that count carries a term of imprisonment up
5  to 10 years, a fine of up to $250,000, a supervised release
6  term of up to three years, and a one hundred dollar mandatory
7  special assessment.
8             THE COURT:  Thank you.
9             I'm going to inquire, Mr. Hayes, I take it you've
10 had a copy of the indictment prior to today?
11            MR. HAYES:  Yes, Your Honor.
12            THE COURT:  And have you had a chance to review it
13 at least briefly with your client?
14            MR. HAYES:  I have, Your Honor.
15            THE COURT:  All right.  Mr. Jimenez, if you could
16 stand, please.
17            I'm going to ask you a few questions to make sure
18 you're understanding me today before I take your not guilty
19 plea to these charges.
20            Please tell me how old you are.
21            THE DEFENDANT:  33.
22            THE COURT:  And what's your educational background?
23 How far did you go in school?  You can tell me how old you
24 were when you left school.
25            THE DEFENDANT:  Like 15.

```
1              THE COURT:  Okay.  And I know that you're in
2    custody.  Are you seeing a doctor or getting any kind of
3    medical treatment while you're in custody?
4              THE DEFENDANT:  Yeah.
5              THE COURT:  Mr. Hayes, are you aware of what
6    Mr. Jimenez is being treated for?
7              MR. HAYES:  I am, Your Honor, yes.
8              THE COURT:  Anything about that that would make it
9    hard for him to understand me today?
10             MR. HAYES:  No, Your Honor.  The only thing I do
11   want to represent, we've appeared before Judge Spector
12   perhaps twice and we did not have a translator either time.
13   What the Court's seeing from Mr. Jimenez today is he's just
14   trying to process what the Court's saying.  So I know that
15   when I meet with him, with my limited Spanish and his
16   English, we communicate.  So I think he's fine -- I'm sure
17   he's fine today.  I just want to at least represent that to
18   the Court.
19             THE COURT:  But his native language is Spanish?
20             MR. HAYES:  It is Spanish.  And other than that, no
21   to the answer of the medical issues, Your Honor.  I'm sorry.
22             THE COURT:  Mr. Jimenez, we can have an interpreter
23   for you.
24             THE DEFENDANT:  Right now?
25             THE COURT:  Not at this very moment, but at any
```

1  court proceeding.  And I need to be sure that you understand
2  these charges before I can take your not guilty plea.  And so
3  what I need to know is whether you wish to have an
4  interpreter to do this process, whether you need to have an
5  interpreter read you the charges in the indictment.  If so,
6  we'll suspend this and figure out whether we can do it later
7  today or whether we can do it on another day.
8              MR. HAYES:  Your Honor, before Mr. Jimenez responds,
9  when I met with him this week he actually asked me if I could
10 waive his appearance.  You know, I wanted to see him here.
11 And rather than even file something and go through that, I
12 thought it was best for him to appear before Your Honor.  I
13 know that he's aware of the charges and the maximum
14 penalties.  I know the Court needs to make its own assessment
15 of that.  So I'm going to defer to Mr. Jimenez, but I at
16 least want to inform the Court that we did have an extensive
17 conversation recently about the charges.
18              THE COURT:  And I don't doubt that.  And I have
19 been, as you know, in your situation where with one party
20 having some English and the other party having some Spanish
21 you sort of make it work.  I'm not allowed to let you speak
22 to me in Spanish, otherwise, I would, because I'd be
23 perfectly comfortable with that, but we have to do this on
24 the record in English and I don't even know if Mr. Gentile
25 would understand this.

1          So I want to make sure that you are comfortable.  I
2     don't doubt that you have had enough chance to talk to
3     Mr. Hayes, but I want to make sure the record is clear.  And
4     I think that going forward we should probably flag this as an
5     interpreter case.
6          MR. HAYES:  Definitely.
7          THE COURT:  Well, Mr. Hayes, do you have
8     availability in the next hour or so?
9          MR. HAYES:  I am before Judge Arterton at 11:30.
10    That may last an hour.  It's a violation matter.  And then
11    other than that, I could appear before Your Honor for the
12    rest of the day.
13         THE COURT:  Mr. Gentile, are you available then?  It
14    would be early afternoon we'd be talking about.
15         MR. GENTILE:  The Government is available whenever
16    the Court is.
17         THE COURT:  My thought is so we usually use the
18    phone interpreter system here, that Mr. Caffrey could put in
19    a request, see if we could get someone.
20         Andrew, are we free at 1:30?
21         THE CLERK:  We are, Your Honor.
22         THE COURT:  All right.  So if we could get someone
23    for 1:30.
24         MR. HAYES:  That's fine.
25         THE COURT:  I'm actually meeting with Judge Arterton

Case 3:19-cr-00048-KAD   Document 68   Filed 02/06/20   Page 9 of 18

9

```
 1   at 12:30.  So I know -- I know you'll be done at 12:30 and I
 2   know I'll be busy at 12:30.  We'll try that.
 3           All right.  So we'll see if we could get, through
 4   the system, a Spanish interpreter available for us by 1:30.
 5   And Mr. Caffrey will send an email to both counsel just to
 6   confirm.
 7           And, Mr. Hayes, is your client at Wyatt?
 8           MR. HAYES:  He is, Your Honor.
 9           THE COURT:  All right.  So we should be okay on
10   timing for the Wyatt van if we do 1:30.
11           All right.  Let's do that.  We'll see if we can get
12   a Spanish interpreter through the TIP system for 1:30.  We'll
13   plan to come back at 1:30, but Mr. Caffrey will confirm or
14   reschedule as needed.  All right.
15           MR. HAYES:  Very well, your Honor.  Thank you.
16           THE COURT:  Thank you for your time.  We'll stand in
17   recess.
18           (Recess at 10:41, a.m.)
19           THE COURT:  Good afternoon, everybody.  Please be
20   seated.
21           MR. GENTILE:  Good afternoon, Your Honor.
22           THE COURT:  We're here in the matter of the United
23   States versus Daniel Jimenez De La Cruz.  Case number is
24   3:19CR48, assigned for trial to Judge Dooley.
25           I understand we have an interpreter on the line.
```

1  THE INTERPRETER: Good morning, Your Honor. This is
2  Ana Reyna, staff interpreter in the Southern District of
3  California.
4  THE COURT: Good morning to you since where you are
5  it is still morning. Thank you for joining us.
6  Have you had a chance to exchange a few words with
7  Mr. Jimenez?
8  THE INTERPRETER: I have, Your Honor.
9  THE COURT: Do you believe he understands you?
10 THE INTERPRETER: I do.
11 THE COURT: And do you understand him?
12 THE INTERPRETER: Yes, ma'am.
13 THE COURT: Mr. Jimenez, have you been able to
14 understand the interpreter?
15 THE DEFENDANT: Yes.
16 THE COURT: All right. I'll ask that the
17 interpreter be sworn.
18 (Whereupon, the interpreter, Ana Reyna, was sworn by
19 the Clerk.)
20 THE COURT: Thank you. I'll take appearances of
21 counsel, please, beginning with the Government.
22 MR. GENTILE: Good afternoon, Your Honor. Nathaniel
23 Gentile for the United States.
24 THE COURT: And for the defendant.
25 MR. HAYES: Good afternoon, Your Honor. Tracy Hayes

1    on behalf of Mr. Daniel Jimenez.
2            THE COURT:  Thank you.  All right.  We are here for
3    arraignment on the indictment that has now been filed in this
4    matter.  We're here to take your not guilty plea to the
5    charges in the indictment and to set a jury selection date.
6    I want to begin by reviewing your rights.
7            You have the right to remain silent.  That means
8    you're not required to say anything to anyone that might
9    incriminate you.  If you've already made a statement, you
10   don't need to continue.  If you start speaking, you could
11   stop at any time.  And if you choose to make a statement, you
12   have the right to have your attorney with you.
13           Do you understand those rights?
14           THE DEFENDANT:  Yes.
15           THE COURT:  The reason those rights are so important
16   is that anything you do choose to say could be used against
17   you here in this case or in other ways.  Do you understand
18   that?
19           THE DEFENDANT:  Yes.
20           THE COURT:  And you have a right to an attorney at
21   all times.  So Mr. Hayes has been appointed to represent you.
22   Are you satisfied to have him represent you in this case?
23           THE DEFENDANT:  Yes.
24           THE COURT:  All right.  I need to advise you that if
25   you have citizenship rights in some country other than the

1  United States, you have a right to have the embassy or
2  consulate of that country notified of your arrest in case
3  they could be helpful to you.  I don't want you to tell me
4  here anything about your citizenship but, if you believe you
5  have those rights, you should talk to Mr. Hayes after we're
6  done.  Do you understand that?
7          THE DEFENDANT:  Yes.
8          THE COURT:  I want to ask you a few questions to
9  make sure we're understanding each other.
10         Can you tell me how old you are?
11         THE DEFENDANT:  33.
12         THE COURT:  And how far did you go in school?
13         THE DEFENDANT:  First year in high school.
14         THE COURT:  All right.  And are you receiving any
15 medical or mental health treatment while you're in custody?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Are you taking any medication?
18         THE DEFENDANT:  Yes.
19         THE COURT:  Does anything about your condition or
20 the medication make it hard for you to concentrate or to
21 understand?
22         THE DEFENDANT:  No.
23         THE COURT:  Mr. Hayes, have you had any trouble
24 communicating with Mr. Jimenez?
25         MR. HAYES:  No, Your Honor.

1        THE COURT:  And do you have any doubts about his
2   competence?
3        MR. HAYES:  No, Your Honor.
4        THE COURT:  All right.  So, Mr. Jimenez, with the
5   assistance of the interpreter, are you able to understand my
6   questions and the things I'm telling you today?
7        THE DEFENDANT:  Yes.
8        THE COURT:  All right.  Mr. Hayes, I believe you
9   indicated this morning that you have received a copy of the
10  indictment and you reviewed it with Mr. Jimenez.
11       MR. HAYES:  That's correct, Your Honor.
12       THE COURT:  I'm going to ask you two to be seated.
13       Mr. Gentile, I'll ask you to review briefly the
14  charges in the indictment and to state for the record the
15  maximum potential and, if applicable, minimum penalties that
16  would apply if Mr. Jimenez were convicted on these charges.
17       MR. GENTILE:  Yes, Your Honor.
18       The defendant is charged in a three count
19  indictment.  The first count charges a violation of Title 21
20  United States Code Sections 841(a)(1) and 841(b)(1)(B), which
21  is possession with intent to distribute 40 grams or more of
22  fentanyl.  If the defendant were convicted of that count, he
23  would face a minimum term of imprisonment of five years and a
24  maximum term of imprisonment of 40 years.  A conviction would
25  also bring a maximum fine of up to five million dollars, a

1  supervised release term of four years to life, and a
2  mandatory one hundred dollar special assessment.
3        Count Two charges the defendant with a violation of
4  Title 18 United States Code Section 924(c), which is
5  possession of a firearm in furtherance of a narcotics
6  trafficking offense.  If the defendant were convicted of that
7  count, he would face a minimum term of imprisonment of five
8  years and a maximum of life, to run consecutive to any drug
9  trafficking charge, that would be Count One.  He would face a
10 fine of up to $250,000, a supervised release term of up to
11 five years, and a mandatory special assessment of a hundred
12 dollars.
13       Count Three charges the defendant with a violation
14 of Title 18 United States Code Sections 922(g) and 924(a)(2),
15 which is an alien illegally or unlawfully in the United
16 States in possession of a firearm.  If the defendant were
17 convicted on that count, he would face a term of imprisonment
18 of up to 10 years, a fine of up to $250,000, a supervised
19 release term of up to three years, and a one hundred dollar
20 mandatory special assessment.
21       THE COURT:  Thank you.
22       All right.  At this time, Mr. Jimenez, I'll take
23 your not guilty plea to the charges in the indictment.  You
24 have a right to have the charges in the indictment read out
25 loud to you and then through the interpreter, or you can

1    waive a reading of the charges.  I'll leave that up to you.
2    If you could stand, please.
3           Do you wish to have me read the charges in the
4    indictment to you through the interpreter or do you wish to
5    waive a reading of the charges?
6           THE DEFENDANT:  What does waive mean?
7           THE COURT:  Give up.  So you have two choices.  I
8    can read you the charges in the indictment or you can say,
9    no, thank you, Judge, I don't need you to read them to me.
10          THE DEFENDANT:  No, that's fine.  I already read
11   them myself.
12          THE COURT:  All right.  I'll have the Clerk take
13   your plea then to Counts One, Two, and Three of the
14   Indictment.
15          THE CLERK:  In the matter of the United States of
16   America versus Daniel Jimenez De La Cruz, case number
17   3:19CR48, assigned to Judge Dooley.  As to Count One of the
18   Indictment, charging you with a violation of Title 21 United
19   States Code Sections 841(a)(1) and 841(b)(1)(B)(vi), what is
20   your plea?
21          THE DEFENDANT:  Not guilty.
22          THE CLERK:  As to Count Two of the Indictment,
23   charging you with a violation of Title 18 United States Code
24   Section 924(c)(1)(A)(i), what is your plea?
25          THE DEFENDANT:  Not guilty.

1    THE CLERK: And as to Count Three of the Indictment,
2    charging you with a violation of Title 18 United States Code
3    Sections 922(g)(5)(A) and 924(a)(2), what is your plea?
4    THE DEFENDANT: Not guilty.
5    THE CLERK: Your Honor, the defendant has pled not
6    guilty to Counts One through Three of the Indictment.
7    THE COURT: Thank you. You could be seated.
8    All right. Although this indictment was returned on
9    February 20th, we are arraigning Mr. Jimenez on March 13th,
10   which puts us in a bind as to the jury selection date. Judge
11   Dooley has set jury selection for April 2nd at 9:30, a.m.
12   That's because her May date would be outside the 70 days from
13   the public filing of the indictment. But the April date is
14   less than 30 days from now which violates a different
15   provision of the Speedy Trial Act. So I would ask that
16   counsel consult promptly and arrange to file something with
17   Judge Dooley's chambers on the docket to let her know how you
18   wish to proceed.
19   MR. HAYES: Very well, Your Honor.
20   THE COURT: Thank you.
21   All right. I know that a detention order was
22   previously entered in this case and I don't have at this time
23   any basis to reconsider that. I think that's all I have to
24   address today.
25   So let me inquire. Mr. Hayes, from your

```
 1   perspective, anything else we should talk about?
 2             MR. HAYES:  No, Your Honor.
 3             THE COURT:  Mr. Gentile?
 4             MR. GENTILE:  Nothing from the Government, Your
 5   Honor.
 6             THE COURT:  All right.  Any questions, sir?
 7             THE DEFENDANT:  No.
 8             THE COURT:  Thank you all for your time.
 9             We'll stand in recess.
10             (Concluded at 1:47, p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                    C E R T I F I C A T E
2
3        I, Martha C. Marshall, RMR, CRR, hereby certify that
4   the foregoing pages are a complete and accurate transcription
5   to the best of my ability of the electronic recording of the
6   hearing held in the matter of UNITED STATES V. DANIEL JIMENEZ
7   DE LA CRUZ, which was held before the Honorable Sarah A. L.
8   Merriam, U.S.D.J, at 141 Church Street, New Haven,
9   Connecticut, on March 13, 2019.
```

/s/Martha C. Marshall
Martha C. Marshall, RMR,CRR
Transcriber