```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


_____
UNITED STATES OF AMERICA,      )
               Plaintiff,      ) No: 3:19-CR-0048 (KAD)
                               )
     v.                        ) October 10, 2019
DANIEL JIMENEZ DE LA CRUZ,     )
               Defendant.      ) 2:39 p.m.
_____)
                                 Brien McMahon Federal Building
                                 915 Lafayette Boulevard
                                 Bridgeport, CT 06604



                    TELEPHONIC STATUS CONFERENCE

B E F O R E:
        THE HONORABLE KARI A. DOOLEY, U.S.D.J.



A P P E A R A N C E S:
For the Government:
     JOHN TROWBRIDGE PIERPONT, AUSA
     SARAH KARWAN, AUSA
     U.S. Attorney's Office
     157 Church Street, 25th Floor
     New Haven, CT 06510
     203-821-3735
     Email: john.pierpont@usdoj.gov
            sarah.karwan@usdoj.gov

For the Defendant:
     TRACY HAYES, ESQ.
     Federal Public Defender's Office - NH
     265 Church Street, Suite 702
     New Haven, CT 06510-7005
     203-498-4200
     Email: tracy_hayes@fd.org

Also present:
     KRISTEN GOULD, ESQ. - Courtroom Deputy
     ALEXIS BEYERLEIN, ESQ. - Law Clerk

                                   Official Court Reporter:
                                   Tracy L. Gow, RPR
                                   Cell: 203.910.0323
                                   Chambers: 203.579.5522
```

1           (Teleconference commences, 2:39 p.m.)
2           THE COURT:  All right.  Good afternoon, Counsel.
3   This is Judge Dooley.  We are on the record.  I am here in
4   chambers with my law clerk, Attorney Beyerlein, as well as my
5   Courtroom Deputy, Attorney Gould.  Let me ask who I have for
6   the Government?
7           MR. PIERPONT:  Good afternoon, Your Honor.  This is
8   Assistant United States Attorney John Pierpont.  I'm joined
9   on the line, as well, by Assistant United States Attorney
10  Sarah Karwan.
11          MS. KARWAN:  Good afternoon, Your Honor.
12          THE COURT:  Good afternoon.  And for Mr. Jimenez?
13          MR. HAYES:  Good afternoon, Your Honor.  Tracy Hayes
14  on behalf of Mr. Daniel Jimenez.
15          THE COURT:  Okay.  Good afternoon.  Counsel, let me
16  start by saying that Mr. Jimenez is not on this call, and I
17  think that some of the issues that need to be addressed in
18  the case would require his presence or it would arguably be
19  considered critical stages for purposes of triggering a
20  constitutional right to be present.
21          So my purpose this afternoon is to really just put
22  the parties on notice as to some of the concerns I have and
23  to convert the hearing that's been scheduled for October 18th
24  into a hearing to address those concerns.
25          The Court has -- and the circumstances that have

1     unfolded with respect to Mr. Jimenez's plea are
2 what caused the Court to sort of go back and figure out what
3 has happened in the file.  I've looked at the original plea
4 agreement, I've looked at the proposed amended plea
5 agreement, and I certainly understand what the parties are
6 attempting to do in light of the, what I'll call "mutual
7 mistake" or "misunderstanding" that the parties were under at
8 the time of the guilty plea.
9     But, in that review, in trying to sort of figure out
10 what's been going on, it occurs to me -- has occurred to
11 me -- and I'm going to put all this on the record when Mr.
12 Jimenez is present -- that the elements of Count Three are
13 not accurately stated in the plea agreement, and nor are they
14 accurately stated in the amended plea agreement.  Neither
15 includes the element that the possession of the firearm must
16 be in and affecting interstate commerce.
17     I reviewed my Rule 11 canvass and the entire plea
18 proceeding, and nowhere in that proceeding is Mr. Jimenez
19 advised as to that element of Count Three.
20     I also don't feel that I satisfied the requirements
21 of Rule 11 with respect to Count Two.  Although I did advise
22 Mr. Jimenez that there was a mandatory minimum period of five
23 years of incarceration, I did not advise him, and nor did the
24 plea agreement advise him, that that five years must be
25 imposed to run consecutive to the sentence that is imposed in

1  Count One, and I recognize that that error occurred because
2  there was a misapprehension in that regard that resulted in
3  the amended plea agreement in any event.
4           My review of Second Circuit case law, in terms of
5  the requirements of Rule 11, lead me to conclude that I did
6  not, as required by the Second Circuit, comply with the
7  strictures of Rule 11; and it would, therefore, be my
8  intention, because the plea agreement, while it includes
9  three different counts, I think it was a -- I'll call it a
10 mosaic of an agreement -- it would be my intention, on the
11 18th, to *sua sponte* vacate the guilty pleas in this matter,
12 and that will simply put everybody back in the position they
13 were in before those discussions began.
14          I will at that point talk to counsel about
15 scheduling, for purposes of jury selection and things of that
16 nature.  I'm not going to ask anybody to respond to my
17 observations here this afternoon, because, again, I think
18 that's a substantive discussion that needs to take place with
19 Mr. Jimenez present, but nor did I want to just convene on
20 the 18th and sort of raise these observations at that time.
21          So having said all of that...
22          MR. HAYES:  Very well, Your Honor.
23          THE COURT:  So, and obviously between now and the
24 18th, if you all have a different view and you want to engage
25 on the 18th as to whether this is the appropriate course of

1   conduct, I'm going to give everybody a full opportunity to do
2   that.  Beyond that, I'm not sure what else we can do this
3   afternoon, but obviously, I'm happy to hear from you
4   Mr. Pierpont or Mr. Hayes.
5           MR. PIERPONT:  So, Your Honor, thank you for letting
6   us know about what we'll be doing on the 18th.  I think, at
7   this point, leaving it where it is makes sense.  We will
8   huddle over here and have an informed position for the Court
9   on the 18th.
10          THE COURT:  Okay.  Mr. Hayes.
11          MR. HAYES:  Your Honor, I would say the same.  Right
12  now, I don't have anything else to add.
13          THE COURT:  Okay.  And obviously this will occasion
14  another conversation with Mr. Jimenez, and he'll be here and
15  we'll have an interpreter here to facilitate those
16  discussions on the 18th.
17          MR. PIERPONT:  Yes, Your Honor.
18          THE COURT:  Okay.  All right.
19          MR. HAYES:  Thank you.
20          THE COURT:  Thank you, Counsel.  And we'll see you
21  next week.
22          MR. PIERPONT:  Thank you, Your Honor.
23          MR. HAYES:  Thank you, Your Honor.
24          (Teleconference concludes, 2:45 p.m.)
25

```
 1              COURT REPORTER'S TRANSCRIPT CERTIFICATE

 2   I hereby certify that the within and foregoing is a true and

 3   correct transcript taken of the proceedings in the

 4   above-entitled matter.

 5

 6                              /s/   Tracy L. Gow
                                Tracy L. Gow, RPR
 7                              Official Court Reporter
```