```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

_____
UNITED STATES OF AMERICA,      )
                Plaintiff,     ) No: 3:19-CR-0048 (KAD)
                               )
       v.                      ) December 3, 2019
DANIEL JIMENEZ DE LA CRUZ,     )
                Defendant.     ) 11:12 a.m.
_____)
                                 Brien McMahon Federal Building
                                 915 Lafayette Boulevard
                                 Bridgeport, CT 06604


                     IN-COURT STATUS CONFERENCE

B E F O R E:
         THE HONORABLE KARI A. DOOLEY, U.S.D.J.


A P P E A R A N C E S:
For the Government:
     JOHN TROWBRIDGE PIERPONT, AUSA
     U.S. Attorney's Office
     157 Church Street, 25th Floor
     New Haven, CT 06510
     203-821-3735
     Email: john.pierpont@usdoj.gov

For the Defendant:
     TRACY HAYES, ESQ.
     Federal Public Defender's Office - NH
     265 Church Street, Suite 702
     New Haven, CT 06510-7005
     203-498-4200
     Email: tracy_hayes@fd.org

Also present:
     CARLOS CAMACHO, Interpreter
     ALEXIS BEYERLEIN, ESQ. - Law Clerk




Courtroom Deputy:                    Official Court Reporter:
Kristen Gould, Esq.                  Tracy L. Gow, RPR
                                     203.910.0323

                     Chambers: 203.579.5522
```

```
 1                   (Call to Order, 11:12 a.m.)
 2                   COURTROOM DEPUTY:  Please be seated.
 3                   THE COURT:  We are here in the matter of United
 4       States of America v. Daniel Jimenez De La Cruz.  Counsel,
 5       please identify yourselves for the record.
 6                   MR. PIERPONT:  Good morning, Your Honor.  Assistant
 7       United States Attorney John Pierpont on behalf of the United
 8       States.
 9                   THE COURT:  Good morning.
10                   MR. HAYES:  Good morning, Your Honor.  Tracy Hayes
11       on behalf of Mr. Daniel De La Cruz himself, and Mr. Jimenez
12       is present this morning.
13                   THE COURT:  And the record should reflect that the
14       Defendant is being assisted by a Spanish interpreter.  As a
15       preliminary matter, I am going to ask the Clerk of the Court
16       to swear the interpreter.
17                   Mr. Camacho, I'm going to ask you to please first
18       state your name for the record.
19                   THE INTERPRETER:  My name is Carlos Camacho, a
20       Spanish, Federally-Certified Interpreter.
21                   THE COURT:  Nice to meet you, sir.  Madam Clerk.
22                   (CARLOS CAMACHO, Interpreter, sworn; 11:13 a.m.)
23                   THE COURT:  All right.  It's my understanding that
24       we are convened so that the Defendant can enter guilty pleas
25       to two counts:  The lesser included of Count One of the
```

1  Indictment, and Count Two of the Indictment.
2           Is that your understanding, Mr. Hayes?
3           MR. HAYES:  Thank you, Your Honor.  I've met with
4  Mr. Jimenez perhaps three weeks ago, Your Honor, and reviewed
5  the plea agreement with him at that time.  My understanding
6  was that he was going to accept the plea agreement at that
7  time.  When we met again this morning, I'm not certain that
8  he will.  I think he wants to address the Court about two
9  issues:  One, he's asking for more time -- or he may ask for
10 more time; and then, two, he may ask to address the Court
11 regarding counsel.
12          THE COURT:  Okay.  Mr. Jimenez, Mr. Hayes has just
13 indicated that he does not believe that you wish to enter
14 guilty pleas today.  Is that correct?
15          THE DEFENDANT:  Yes.
16          THE COURT:  All right.  The Court had -- jury
17 selection in this matter was scheduled for today.  The jurors
18 were canceled on the representation that Mr. Jimenez had, in
19 fact, reached an agreement with the Government.  At the very
20 least, it appears he would like more time to either do that
21 or not.  I am going to continue the jury selection to our
22 January date.
23          COURTROOM DEPUTY:  January 7th.
24          THE COURT:  That's January 7th, 2020.
25          Mr. Jimenez, that will give you the opportunity to

1  have more time to decide whether you wish to proceed to trial
2  or whether you wish to resolve the case by agreement.
3  Obviously I don't have an opinion in that matter.
4         But we will convene jury selection on January 7th,
5  and we'll, at that -- any questions for me about that?
6         THE DEFENDANT:  Yes, I do have a question.  With
7  regards to the last time I was here, I had some confusion.
8         As I was telling you -- the interpreter -- that I
9  couldn't understand everything, so I was wondering if I could
10 have a transcript of that last hearing?
11        THE COURT:  Okay.  We'll take this up one at a time.
12 You understand that I've continued your jury selection to
13 January 7th?
14        THE DEFENDANT:  Yes.
15        THE COURT:  Okay.  And if the case is not resolved,
16 you will go forward with jury selection and the trial of this
17 matter in January.  Do you understand that?
18        THE DEFENDANT:  I do.
19        THE COURT:  Okay.  And you have all of the rights of
20 any defendant going to trial -- the right to counsel and the
21 right to put the Government to its burden -- and nothing that
22 has happened in this case to date changes that or impacts
23 that.
24        All right.  You had asked for a transcript of the
25 prior proceeding.

```
 1              Mr. Hayes, has a transcript been prepared of that
 2   hearing?
 3              MR. HAYES:  No, Your Honor.
 4              THE COURT:  Okay.  Madam Clerk, what was the date of
 5   that hearing?
 6              COURTROOM DEPUTY:  June 12th.  That's the change of
 7   plea initially.
 8              THE COURT:  I think I want -- is it the hearing,
 9   Mr. Jimenez, where I vacated --
10              MR. HAYES:  Right.
11              THE COURT:  -- your guilty pleas?
12              THE DEFENDANT:  Yes.
13              COURTROOM DEPUTY:  That was October 18th.
14              THE COURT:  All right.  That was October 18th.  And
15   we can get that transcript.
16              Mr. Hayes, will you put that order in through the
17   court reporter?
18              MR. HAYES:  I will.
19              THE COURT:  Thank you.
20              All right.  Was there any other question or concern
21   you wanted to bring to my attention, Mr. Jimenez?
22              THE DEFENDANT:  No.  That's all.  Thank you very
23   much.
24              THE COURT:  Okay.  And once that transcript is
25   received, I assume it will help you continue the conversation
```

1   with your client about what has happened.  There have been
2   some unusual procedural proceedings in this matter, so I
3   certainly understand that there may be some confusion on his
4   part.  But what I had, I think, explained to him previously,
5   consistent with what I told him today, is that nothing that
6   has transpired impacts the fact that all of his rights remain
7   preserved and intact, it's as if he stands charged.  And one
8   of two things will happen:  He will either resolve the case
9   by agreement or we will have a trial and a jury will decide
10  the outcome of the case.
11          But it, as I said, it appears he would like a little
12  more time to fully understand his options.
13          MR. HAYES:  Yes, Your Honor.
14          THE COURT:  Will the Government's plea offer remain
15  open, Mr. Pierpont?
16          MR. PIERPONT:  So, Your Honor, the Government's plea
17  offer will remain open pending a *Frye* hearing that the
18  Government is now going to ask for.  I don't know if that's
19  something Your Honor would handle or if you prefer us to take
20  that to a magistrate.  But, certainly, given the difference
21  between what he's charged with and what he might be facing
22  there, in terms of mandatory minimums and this, we would want
23  the consequences of proceeding to trial to be fully explained
24  on the record in open court to Mr. Jimenez before going to
25  trial.

1           THE COURT:  Okay.  Well, I will refer the matter to
2    a magistrate judge for the *Frye* hearing.  And I will talk to
3    Judge Merriam about what makes the most sense, in terms of
4    timing.
5           We have -- I don't want to set an artificial date by
6    which he has to say yea or nay.
7           MR. HAYES:  Right.
8           THE COURT:  That would not be appropriate.  By the
9    same token, I want him to be able to have a meaningful *Frye*
10   hearing in advance of picking a jury.  I'm open to
11   suggestions.  The 7th is the first Tuesday of January.
12          MR. PIERPONT:  I just, from a scheduling
13   perspective, Your Honor, I mean, I was not going to be in
14   state from about the 20th until close to New Year's.  So any
15   *Frye* hearing, from the Government's perspective, it would be
16   my preference to have that beforehand, otherwise -- I could
17   reach out and try to have someone from my office cover, but
18   that would be my preference, would be ahead of that.
19          THE COURT:  Okay.
20          MR. HAYES:  And if I may, I think what would be more
21   helpful, if he had a *Frye* hearing closer to that January date
22   to -- so that we can determine whether or not we're going
23   forward with picking the jury.
24          MR. PIERPONT:  So the Government is not going to
25   leave this plea offer open at the same time that it is

1  getting ready to go to trial at the same time.
2            MR. HAYES:  Certainly.
3            MR. PIERPONT:  So the *Frye* hearing is going to have
4  to happen, and then once the Government begins preparing for
5  trial -- I'm sorry, Your Honor.  This may not be the time and
6  place to have this, but...
7            MR. HAYES:  The only other thing I would ask, Your
8  Honor, is that I think he wants to review the transcript
9  prior to the *Frye* hearing, because that would help him come
10 to some decision here, and I think that would be helpful.  So
11 I could order an expedited copy of the transcript and get
12 that as soon as possible, but I think that he needs to read
13 that before he has the *Frye* hearing, much less before he
14 either has a plea or picks a jury.
15           THE COURT:  But we don't have the luxury of -- well,
16 let me back up.  I'm going to refer the matter to Judge
17 Merriam for scheduling, and I think that it's entirely up to
18 the Government for how long the offer stays open.  I don't
19 get involved in that -- that is Mr. Pierpont's decision --
20 and I think that that decision will dictate when an
21 appropriate *Frye* hearing needs to be scheduled.
22           Mr. Jimenez, I know Mr. Hayes will explain this to
23 you.  A *Frye* hearing is a hearing that is convened so that a
24 judge -- in this case, likely Judge Merriam -- explains to
25 you the penalties that you face under the proposed plea

1  agreement and the penalties that you would face if convicted
2  after trial.  And the purpose is to make sure that your
3  decision to proceed to trial is with a full understanding of
4  the plea agreement that's been offered.  And Judge Merriam
5  will explain that in greater detail.  Mr. Hayes can explain
6  that in greater detail.
7             But for purposes of today, I'm simply going to
8  continue this case for jury selection on January 7th.  I will
9  ask for an expedited -- or the transcript that has been
10 ordered, on an expedited basis, and I will leave to the
11 parties to schedule the *Frye* hearing with Judge Merriam.
12            I don't think there's anything else I can -- or
13 should do, frankly -- today.
14            MR. HAYES:  Thank you, Your Honor.
15            MR. PIERPONT:  Thank you, Your Honor.
16            THE COURT:  All right.  We're in recess.
17            (Proceedings conclude, 11:25 a.m.)
18
19            COURT REPORTER'S TRANSCRIPT CERTIFICATE
20 I hereby certify that the within and foregoing is a true and
21 correct transcript taken of the proceedings in the
22 above-entitled matter.
23
24                              /s/  Tracy L. Gow
                                Tracy L. Gow, RPR
25                              Official Court Reporter